BOWEN, TRUSTEE, v. FASSETT.

37 | 507
83 · | 116

1 MORTGAGE: *Filing, with directions not to record.*
A mortgage filed in the recorder's office, with directions not to record it, is not filed *for record,* within the meaning of the Statute, and is no lien upon the property as against strangers to it.

APPEAL from *Mississippi* Circuit Court.
Hon. L. L. MACK, Circuit Judge.

*O. P. Syles,* for appellant:

The trust deed was notice to the world, and was a lien from May 21, 1875. The deposit with the clerk is the filing; the endorsement simply a memorandum of time of filing. *Oats* v. *Walls,* 28 *Ark.,* 244; 2 *Washburn Real Property,* top page 591. See also *Gantt's Digest, secs.* 5024, 5025.

ENGLISH, C. J. This was a code action, in the nature of trover at common law, brought in the Circuit Court of Mississippi county, by W. J. Bowen, as trustee for the use of Driver & Jones, against Joseph Fassett, for the value of five bales of cotton.

Plaintiff claimed the cotton by virtue of a deed of trust executed to him, as trustee, on the twenty-first of May, 1875, by Esau Trust, for the use of Driver & Jones.

The deed was upon the then growing cotton crop of Trust, and was executed by him as security for $150 advanced by Driver & Jones, to enable him to make his crop.

Defendant claimed the five bales of cotton in controversy, under a written contract made between him and Trust, Dec. 1, 1874, by which he leased to Trust fifty acres of land, at

$10 per acre, for the year 1875, and agreed to furnish and sell to him feed, team and tools, so far as necessary, for cultivating the land; and Trust bound himself to turn over to defendant the cotton crop as fast as gathered and prepared for market, until all his indebtedness was paid.

The contract was not acknowledged or recorded.

The evidence introduced on the trial conduced to prove that defendant got into his possession the whole of the cotton crop of Trust, and sufficient to pay the rent, for which he had a landlord's lien, without the five bales of cotton in controversy, but not enough, including them, to pay the rent and other indebtedness of Trust.

Plaintiff claimed that after the rent was paid he was entitled to the remaining five bales of cotton, under the trust deed, and his theory was, that the trust deed was filed for record in the recorder's office on the twenty-first of May, 1875, the day it was executed and acknowledged. The contention of defendant was that the deed of trust was not filed for record until the thirtieth of November, 1875, and that before then he had obtained possession of the five bales of cotton on account of Trust's indebtedness to him.

The whole case really turned upon this question, and though others were raised at the trial, none other has been argued here.

MORT-GAGE: Filing, with directions not to record. The court instructed the jury that: "The filing of the plaintiff's deed of trust in the recorder's office, with instructions to the recorder not to enter the same of record, is not a filing of the same for record, as contemplated by the Statute."

Instructions moved for plaintiff, and refused by the court, assumed that the deed of trust was filed for record when it was deposited with the recorder, twenty-first of May, 1875.

The verdict and judgment were for defendant; a new trial was refused plaintiff, and he appealed.

In the transcript before us the deed of trust is copied, then the certificate of acknowledgment, then two certificates of registration, as follows:

### FIRST CERTIFICATE.

"STATE OF ARKANSAS, ⎰
   COUNTY OF MISSISSIPPI. ⎱

"I, J. K. P. Hale, Clerk of the Circuit Court, and ex-officio Recorder for the county of Mississippi, do hereby certify that the within and foregoing instrument of writing was filed in my office on the twenty-first day of May, A. D., 1875, and is now duly recorded in Deed Record 6, pages 292 and 293,

> "In testimony whereof, I have hereto set my hand
> [L. s.]  and affixed the seal of said court, on this, the
> twenty-first of May, 1875.
>
>          "J. K. P. HALE, *Clerk.*"

"STATE OF ARKANSAS, ⎰
   COUNTY OF MISSISSIPPI. ⎱

" I, J. K. P. Hale, Clerk of the Circuit Court, and ex-officio Recorder for the county aforesaid, do hereby certify that the annexed and foregoing instrument of writing was filed *for record* in my office on the *thirtieth day of November, 1875,* and the same now duly recorded in Record Book, vol. 6, pages 292 and 293,

> "In testimony whereof, I have hereto set my hand
> [L. s.]  and affixed the seal of said court, on this thir-
> tieth day of November, 1875.
>
>          "J. K. P. HALE, *Clerk.*"

The only evidence introduced on the trial to explain these two certificates, set out in the bill of exceptions, was as follows:

"J. K. P. Hale introduced (by defendant) and sworn, testified: When Mr. Driver brought me the deed of trust (deed of trust shown him, introduced by plaintiff, executed between Trust and plaintiff), in May, 1875, he told me he did not want it recorded, but merely to remain in the office, as he did not wish to pay the fees. Accordingly, I filled up the certificate on the outside of said deed, erasing the words, '*for record.*' When the deed was afterwards recorded in November, I completed the certificate by stating the book, page, etc. On the thirtieth of November, 1875, Driver came to me and instructed me to put the deed on record, which I did, and made the certificate appended to the inside of said deed."

This testimony was given without objection.

By Statute, every mortgage on real or personal property, properly acknowledged, is a lien on the property mortgaged, "from the time the same is *filed for record* in the recorder's office, and not before." *Gantt's Digest, Sec.* 4288. And the Statute applies to deeds of trust. *Hannah* v. *Carrington*, 18 *Ark.*, 86.

And by *Sec.* 860, *Gantt's Digest*, a properly acknowledged deed, etc., is made constructive notice to all persons, "from the time the same is *filed for record* in the recorder's office," etc., and it is made the duty of the recorder "to endorse on every such deed, bond, or instrument, the precise time when the same is *filed for record* in his office."

The first certificate of the recorder made upon the deed of trust in question, and above copied, was not in compliance with the Statute, for a reason which he was permitted, without objection, to state.

The second certificate was in conformity with the Statute.

The recorder should have made no indorsement upon the deed when it was left with him by Driver, one of the beneficiaries, with instructions not to record it, because he did

not wish to pay the fees. It was not then filed for record within the meaning of the Statute.

This case is unlike *Oates* v. *Walls*, 28 *Ark.*, 244, relied on by counsel for appellant. In that case the mortgagee filed the deed for record, and paid the fees, and it was properly endorsed, but afterwards withdrawn by mistake before it was recorded.

The court did not err in giving the instruction above copied, nor in refusing such of appellant's instructions as were based upon the theory that the deed was filed for record on the twenty-first of May, 1875.

As to other questions, the charge of the court to the jury is not complained of here, and the evidence warranted the verdict.

Affirmed.