## THE STATE OF ARKANSAS VS. SMITH.

1. STATUE: *Construction of, for filing chattel mortgages.*
   It is the duty of every Court to so construe a statute as to effect the clearly expressed intention of the legislature, and not defeat it by adhering too rigidly to its letter, or to technical rules of construction. Any construction that would lead to absurd consequences should be discarded. And so an indorsement by the mortgagee upon a chattel mortgage "to be filed but not recorded," sufficiently answers the requirement of the statute.

APPEALED from *Crawford* Circuit Court.

Hon. R. H. RUTHERFORD, Circuit Judge.

*C. B. Moore*, Attorney General, for the State.

The endorsement of the mortgage was sufficient. The filing of the mortgage was under the act of 1877, and it was the *filing*, not the endorsement of the words, that created the lien and made it penal to remove the property. The endorsement is a mere direction to the clerk, and the *filing* is "placing it, as a record, in the office or case where it belongs." *Oates v. Walls*, — Ark., p. —

The *exact words* are not required in the acknowledgement of the deeds, etc., if the statute is *substantially* complied with. Here the words were a substantial compliance with the statute.

SMITH, J. The appellant was indicted for removing mortgaged property and pleaded "not guilty." Upon the trial the State offered in evidence the mortgage, which bore an indorsement, over the signature of the mortgagee, "to be filed but not recorded." At the same time the State proposed to show by the evidence of the

mortgagee that he signed the said endorsement upon the back of said instrument; that the mortgage had not been satisfied; that the property mentioned in the indictment was the same property that was described in the mortgage, and that the defendant had removed said property beyond the limits of Crawford county, without the consent of the mortgagee, and within three years before the finding of the indictment. But the Court excluded the mortgage from the jury because the endorsement was not in the words, "this instrument is to be filed but not recorded." The jury returned a verdict of acquittal. The State has removed the case here, not for the purpose of putting the defendant again upon his trial, which of course can not be done, but to obtain the decision of this Court, to the end that the criminal law may be correctly and uniformly administered. *Gantt's Digest, Secs.* 2128-9.

Construction of Statute.

There is no question as to the execution and acknowledgement of the mortgage, nor as to the identity and removal of the property. But the act of March 10, 1877, provides that chattel mortgages may become a lien upon the property therein described and notice to all the world simply by being filed and left in the Clerk's office. But in order to be thus filed, the mortgagee must indorse upon it "This instrument is to be filed but not recorded." The Circuit Judge held that the precise words of the statute must be used or else no lien is created, because the filing, not for the purpose of recording, is unauthorized, except in so far as this particular act authorizes it.

It is the duty of every Court, when satisfied of the intention of the legislature, clearly expressed in a constitutional enactment, to give effect to that intention and not to defeat it by adhering too rigidly to the mere letter of the

statute, or to technical rules of construction. And any construction should be discarded that would lead to absurd consequences. *Sedgwick, Const. and Stat. Constr.*, 196; *Wilkinson v. Leland*, 2 *Pet.*, 627; *United States v. Kirby*, 7 *Wall*, 482; *Oates v. National Bank*, 100 *U. S.* 239.

In *Nunn v. Goodlett*, 10 *Ark.*, 89, it was ruled that slight departures from the form of a bond prescribed by statutes would not avoid it, unless the statute expressly declared that such should be the effect of a variation. And in regard to the acknowledgement of deeds, this Court has several times decided that a literal conformity with the statute will be dispensed with, when there has been a substantial compliance with its requirements, as by the use of words of similar import. *Jacoway v. Gault*, 20 *Ark.*, 190; *Tubbs v. Gatewood*, 26 *Id.*, 128.

We are told in the Holy Writ that "the letter killeth, but the spirit giveth life." And it is a maxim of our law that he who sticks in the letter of an instrument or a statute goes but skin-deep into its meaning. The memorandum required to be endorsed upon the mortgage is simply a direction to the Clerk not to record at length. And it is unreasonable to suppose that the Legislature attributed any mysterious virtue or efficacy to the formula they have prescribed.

The mortgage with its indorsement should have been permitted to go to the jury.