PRICE v. SKILLERN.

Opinion delivered January 5, 1895.

*Chattel mortgage—Filing—Sufficiency of indorsement.*

The indorsement on a chattel mortgage of the words, "This is to be filed," is a sufficient compliance with Sand. & H. Dig. sec. 5102, providing that where a chattel mortgage has indorsed thereon, "This instrument is to be filed but not recorded," it shall be a lien on the property from the time of filing.

Appeal from White Circuit Court.

GRANT GREEN, JR., Judge.

*J. W. House* for appellant.

The indorsement is a substantial compliance with the statute. Mansf. Dig. sec. 4750; Acts 1893, p. 156; 49 Ark. 431, 433. It is not necessary that the precise language of the statute be used. 52 Ark. 164.

*J. N. Cypert* for appellee.

The indorsement was not a substantial compliance with the statute. Sand. & H. Dig. secs. 5102, 5107.

BATTLE, J. A statute of this State provides that "whenever any mortgage or conveyance intended to operate as a mortgage of personal property, or any deed of trust upon personal property, shall be filed with any recorder in this State, upon which is indorsed the follow-

ing words : 'This instrument is to be filed, but not re-
corded,' and which indorsement is signed by the mort-
gagee, his agent or attorney, the said instrument when
so received shall be marked 'Filed' by the recorder, with
the time of filing upon the back of said instrument ; and
he shall file the same in his office, and it shall be a lien
upon the property therein described from the time of
filing, and the same shall be kept there for the inspec-
tion of all persons interested." Sand. & H. Dig. sec. 5102.

The instrument in question was a deed executed by
G. L. Jones, in which he conveyed certain personal prop-
erty to J. F. Price, in trust to secure an indebtedness to
Pruitt Bros., amounting to the sum of $81.67. It was
duly acknowledged, and filed with the recorder of White
county, in his office, with the following indorsement
made thereon by Pruitt Bros.: "This is to be filed.
Pruitt Bros." The recorder indorsed it as follows :
"This instrument was filed on the 31st day of August,
A. D. 1892. J. M. Reynolds, Clerk." The sufficiency
of the indorsement made by Pruitt Bros. is questioned.

The object of the indorsement required by the stat-
ute is to direct the recorder to file, but to not record at
length. To accomplish this object, it would be unrea-
sonable to suppose that the legislature intended that the
use of no words except those prescribed by the statute
should be sufficient. In *State* v. *Smith*, 40 Ark. 431, an
indorsement in the words, "To be filed but not recorded,"
was held to be a sufficient compliance with the statute.
The effect of this decision, if followed, is to make any
indorsement of the import of that required by the statute
sufficient ; for the statutory formula cannot be essential
when an indorsement in different words, but to the same
effect, accomplishes the purpose of the statute.

An indorsement of the words, "To be filed," made
by a mortgagee on a mortgage or deed of trust, and
signed by him, at the time he files it with the recorder,

is, under the statutes of this State, reasonably suscepti-
ble only of one construction. A mortgage can be filed
for only two purposes: for record, and to be "kept"
without record "for the inspection of all persons inter-
ested." When filed for record, no indorsement by the
mortgagee is required or necessary. In the absence of
express directions, the inference and presumption are, it
it was filed for record. But it can be legally filed for
the other purpose only when an indorsement in substan-
tial compliance with the statute is made. An indorse-
ment, therefore, of the words, "To be filed," made and
signed by the mortgagee, read in the light of the statute,
can have but one meaning, and that is, the mortgage
shall be kept by the recorder, without record, for the
inspection of all parties concerned. It, obviously, could
not have been made for any other purpose. The recorder
in this case so understood it, and acted accordingly.
The indorsement was a sufficient compliance with the
statute.

Reversed and remanded for a new trial.

Hughes and Riddick, JJ., did not sit in this case.