FIRST NATIONAL BANK *v.* BEDINGFIELD.

## Opinion delivered May 13, 1907.

1. GENERAL APPEARANCE—EFFECT.—An entry of appearance in a cause by a defendant will be taken to be an appearance to a cross complaint which had been previously filed against him. (Page 114.)

2. MORTGAGE—FILING—INSUFFICIENCY.—A chattel mortgage filed in the circuit clerk's office without the indorsement, "This instrument is to be filed but not recorded," or words of similar import, does not become a lien as against a stranger. (Page 115.)

3. SAME—VERBAL DIRECTIONS TO FILE.—Where the mortgagee of a chattel mortgage by mistake sent the mortgage to the county clerk instead of to the circuit clerk, with directions to record the mortgage, and the county clerk handed it to the circuit clerk with verbal directions to file it, and the latter listed it as a "filed" mortgage, instead of recording it, no lien accrued as against a stranger. (Page 115.)

4. SAME—POWER OF PARTNER TO EXECUTE.—It is within the power of one member of a partnership, acting in good faith, to make a chattel mortgage of all the partnership property to secure partnership indebtedness. (Page 117.)

Appeal from Miller Chancery Court; *James D. Shaver,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

Appellant, the First National Bank of Honey Grove, Texas, filed its complaint alleging that appellees were partners under the firm name of Bedford, Zinnecker & Thompson; that appellees were indebted to appellant in certain sums specified, evidenced by promissory notes and secured by mortgage on personal property described therein owned by the firm; that on March 13, 1905, appellant duly filed said mortgage for record with the recorder of Miller County, Arkansas, and paid him $1.25 as the county tax and fee for recording the mortgage, but that the recorder failed, neglected and refused to record said mortgage until the 25th of November, 1905, when he spread the mortgage upon the record at page 487 of the mortgage record of the county; that appellant believed that same was recorded in accordance with law, and did not know the mortgage had not been recorded until November 25, 1905, when it directed the recorder to record same as it had previously requested him to do, and again paid him the county tax and fee

for recording. The complaint then set up that the amount due on the notes was past due and unpaid. The complaint then alleged that the appellee Bedingfield had obtained possession of the property, claiming the right to hold same under an alleged prior mortgage, that unless restrained appellee would proceed to sell the property under the mortgage set up by him; that the property was probably insufficient to satisfy appellant's prior mortgage; that the mortgage of appellee was void because of want of authority in the person who executed it; that the property would likely be lost to appellant. The prayer was for a restraining order preventing appellees from selling the property, for a receiver to take charge of and hold same under the orders of the court, and that the property be sold, etc., to satisfy appellant's claim. The chancellor granted the prayer for restraining order, and appointed a receiver to take charge of the property.

Appellee, Bedingfield, answered, denying all the material allegations of the complaint, and set up that on April 17, 1905, the firm of Bedford, Zinnecker & Thompson was indebted to him, and executed a mortgage to secure present indebtedness and future advances; that, before accepting the mortgage, he examined the proper records of Miller County, and did not find any mortgage given by the firm of Bedford, Zinnecker & Thompson, and therefore did not have any knowledge of appellant's mortgage. Bedingfield alleged that there was no such firm in Miller County as Bedford, Zinnecker & Thompson; that appellant's mortgage was not executed and acknowledged by the grantors therein, nor by their authority; that the mortgage was vague in the description of the property, and for all these reasons was void as to appellee, Bedingfield. He admitted that appellant's mortgage was "filed," but denied that it was indorsed and signed as required by law, and averred that the recorder followed instructions in filing the mortgage. Appellee, Bedingfield, made his answer a cross-complaint against his co-defendants, Bedford, Zinnecker & Thompson, and asked and obtained judgment against them for want of an answer to his cross-complaint as to them. The mortgage, under which appellant claims, was sent in the following letter written by its cashier to the county clerk of Miller County, to-wit:

> "Honey Grove, Texas, March 11, 1905.
> "County Clerk, Miller County,
>     "Texarkana, Arkansas.
> "Dear Sir:—
>     "Inclosed please find chattel mortgage by Bedford, Zinnecker & Thompson to this bank for record. Advise us your fee, which we will remit. You may then return the mortgage to us.
>                [Signed]              "J. A. Underwood.
> "Inclosure Mortgage."

Appellant claims that this letter was a direction to the circuit clerk and recorder to record the mortgage. But it will be observed that the letter was sent to the county clerk, and there is no affirmative evidence on behalf of appellant that the circuit clerk and recorder received the letter. On the other hand, the circuit clerk and recorder shows positively that he did not receive the letter, as it appears hereafter.

The county clerk to whom this letter was sent testified that he could not recall receiving the mortgage, nor the date he received the letter; that he received many such letters, and that it was his universal custom to turn them over to the clerk of the circuit court, who is the recorder. He had no recollecion whatever of turning over the mortgage to J. D. Sanderson, the circuit clerk and recorder, but he believed that if he turned over the mortgage he also turned over the letter. He remembered from copy that he received the letter. If he turned the mortgage over to J. D. Sanderson, he did not remember that he told him to file or record same. Sanderson, the circuit clerk and recorder, had a separate office from the office of the county clerk in the court house.

J. D. Sanderson, the circuit clerk and recorder, testified that the mortgage under which appellant claims was handed him by the county clerk, but that he never saw or received the letter. He received the mortgage on March 13, 1905, from the hands of the county clerk, who said: "Here is a mortgage to be filed, but there is no money with it." On the back of the mortgage was printed the words "Filed for record on the......day of........A. D. 190...at.....o'clock....M.,..........

..........County Clerk..............County, by...........
..........Deputy." The written words "for record" marked out on the back of the mortgage were in the handwriting of his deputy. The other indorsement on the mortgage was in the handwriting of the witness. That left the indorsement: "Filed 13th day of March, 1905, at 9 o'clock, J. D. Sanderson, Clerk." On November 25th, 1905, he indorsed the mortgage: "Filed for record November 25th, 1905, J. D. Sanderson, Clerk. Paid $1.50." Witness then recorded the mortgage in full. Witness says that he erased the words "for record" because he was told by the county clerk that the mortgage was to be filed. He filed it, and did the usual things with reference to filing mortgages. There was no fee paid or tendered him prior to November 25, 1905. The mortgage then, as it appears in the evidence, bore the following indorsements as explained by the witness Sanderson to-wit:

"Filed the 13th day of March, A. D. 1905, at 9 A. M.
    "J. D. Sanderson, Clerk,..................County,
            "By................Deputy Clk.
"Filed for record, November 25, 1905.
            "J. D. Sanderson, Clerk.
                "Paid $1.50."

Witness further explains how the indorsements were made as follows: "The attorney for the Bank came in on the 25th of November, 1905, and received from the files this mortgage, and asked that it be recorded. I handed it to Mr. Kirby (my deputy), and told him to file it for record, and he wrote the words 'For record' above the first filing. I then told him that it would have to take a new date, and I took it myself and filed it for record, and the words that he wrote 'For record,' were stricken out. The words 'For record' in long hand were stricken out the day they were written, November 25, 1905."

Appellant did not receive the instrument back with certificate of record, and yet appellant made no inquiry of the recorder from the time its letter was sent to the county clerk as to what had become of the mortgage, whether it had been recorded or not, until its attorney appeared upon the scene

November 25, 1905, and had same filed for record, paying the fee therefor.

The cashier testified that there were no erasures on the back of the mortgage when he sent it to the clerk.

The court rendered a decree in favor of appellee Bedingfield against appellant, adjudging appellee's mortgage a prior and superior lien, and giving appellee judgment against his co-defendants Bedford and Zinnecker for $939.91, and giving appellant judgment against Bedford and Zinnecker for $2373.51 principal, interest, attorney's fees and cost except that pertaining to the receivership. The appellant bank appealed; also Bedford and Zinnecker appealed from the judgment against them in favor of appellee Bedingfield on his cross-complaint. Other facts are stated in the opinion.

*John N. Cook* and *Pratt P. Bacon,* for appellant; *J. W. Gross,* of counsel.

1. As to the contention that there was no such firm as Bedford, Zinnecker & Thompson, the most that can be contended for on this point is that Bedford and Zinnecker used that name at all times, and Thompson used that name and Thompson, Bedford & Zinnecker interchangeably. Such being the case, a contract made by the firm in either name would be binding. 79 Ky. 270; 8 Baxt. (Tenn.) 517; 5 W. Va. 391; 22 Am. & Eng. Enc. of L. (2 Ed.) 79, and note 7. If appellee could have been affected at all by the use of two firm names, it would have been in making search of the mortgage index, and as to that does not the statute require the recorder to index alphabetically the name of each grantor in an instrument? Kirby's Digest, § 6846. However, an index is no part of the record. 52 Am. Rep. 475; 91 Am. Dec. 103; 59 Fed. 184; 95 Fed. 3.

2. Appellant ought not to be bound by the mere recollection of the recorder as against the testimony of the county clerk and the printed directions on the back of the mortgage and appellant's letter accompanying it. The filing statute does not apply except where the instrument is indorsed by the mortgagee. Kirby's Digest, § 5412. And every mortgage is considered as recorded from the time it is delivered for record. Kirby's Digest, § 6844. It was the recorder's duty, when he ac-

cepted the mortgage, to file it for record, and, it having been delivered for that purpose, appellant's rights were protected. The neglect of clerical duties by the recorder does not affect the mortgagee. 43 Ark. 145.

*Wm. H. Arnold* and *Joe E. Cook,* for appellee.

The recorder's testimony is undisputed that no letter was given to him, and that the county clerk delivered the mortgage to him, saying, "Here is a mortgage to be filed, but there is no money with it." The instrument did not bear the indorsement required by the filing statute. The recorder was not authorized to file the instrument on a verbal order, neither was his receiving it on such an order a filing for record. Kirby's Digest, § 5407; 37 Ark. 507; 52 Ark. 164. Appellant's own negligence should bar it of recovery. 28 Ark. 242; 54 Ark. 278. A loss must be borne by the party whose negligence caused it. *Id.*

WOOD, J., (after stating the facts.) First. W. C. Zinnecker and J. D. Bedford contend that the judgment against them for want of answer to appellee Bedingfield's cross-complaint can not be sustained because they were citizens of Texas, and were witnesses, giving depositions in the cause by agreement when service of process was had upon them.

The court tried the question as to whether they were served in appellee Bedingfield's cross-action against them, and found that they had entered their appearance to same under the following indorsement on the original complaint, to-wit:

"State of Arkansas

"County of Miller

"We hereby waive the issuance and service of a summons upon us in this cause, and enter our appearance to same hereby, authorizing and impowering John N. Cook to act for us as our attorney in making this appearance a matter of record.

"This April 6th, 1906.

"Wm. C. Zinnecker,

"J. D. Bedford."

The court found "that the appearance, having been entered herein by said defendants, to the original action, after the filing of said cross-complaint, carries with it a general appearance for

all purposes in the cause." The finding of the court was correct on this issue. The answer of appellee Bedingfield, which was made a cross-complaint against Bedford and Zinnecker, was filed December 5, 1905. It asked for judgment against them. The cross-complaint then had asked that they be brought into the cause several months before their waiver of the issuance and service of summons and entry of appearance was made, and when they did make it, the cross-complaint had brought them into the cause, and their entry of appearance "in this cause" brought them into the record on the cross-action, the same as if they had been served with process on the cross-complaint, because the cross-action was then "in this cause." The judgment in favor of appellee Bedingfield against Bedford and Zinnecker is therefore affirmed.

Second. Appellee contended that appellant's mortgage was not filed in the recorder's office in such manner as to give appellee notice. Section 5407 of Kirby's Digest provides:

"Whenever any mortgage or conveyance intended to operate as a mortgage of personal property, or any deed of trust upon personal property, shall be filed with any recorder in this State, upon which is indorsed the following words, 'This instrument is to be filed, but not recorded,' and which indorsement is signed by the mortgagee, his agent or attorney, the said instrument, when so received, shall be marked 'Filed' by the recorder, with the time of the filing upon the back of said instrument; and he shall file the same in his office, and it shall be a lien upon the property therein described from the time of filing, and the same shall be kept there for the inspection of all persons interested; and such instrument shall thenceforth be notice to all the world of the contents thereof without further record."

The mortgage of appellant under the proof in the case was neither filed "for record," nor was it "to be filed, but not recorded" before appellee's lien attached. It was the purpose of appellant, as the proof shows, to have its mortgage recorded. It sent the instrument to the county clerk, supposing that he was the recorder, with proper directions to have the mortgage filed for record, in the letter to this officer. But the undisputed evidence by the recorder is that this letter and these instructions did not reach him. On the contrary, he says the directions he

received were, "Here is a mortgage to be filed, but there is no money with it." Taking this to be an indication that the mortgagee wanted the instrument filed but not recorded, the recorder waived his fee for filing and proceeded to do the "usual things with reference to filed mortgages." But these "usual things with reference to filed mortgages," which the recorder did, were without any directions whatever from the mortgagee; and, if they had been directed by the mortgagee, were not in the manner provided by the statute, and did not preserve the statutory lien "for filed mortgages." *State* v. *Smith,* 40 Ark. 431; *Case* v. *Hargadine,* 43 Ark. 144; *Price* v. *Skillern,* 60 Ark. 112. The recorder took the mortgage for "filing," but not for recording. He construed this to be the instructions of the mortgagee, and therefore did not accept the mortgage for record. "A chattel mortgage filed in the recorder's office with directions not to record it is not filed for record within the meaning of the statute, and is no lien upon the property as against strangers to to it." *Brown* v. *Fassett,* 37 Ark. 507.

In *Dedman* v. *Earle,* 52 Ark. 164, the mortgagee sent his mortgage to the recorder by an agent with instructions to the recorder that the mortgage was to be filed but not recorded. This court in that case held that the placing of a mortgage in the hands of the recorder with verbal instructions to file but not to record it is not a filing for record. And where a mortgage thus left with the recorder was filed and registered under directions given on a subsequent day, the mortgagee acquired no lien by its filing prior to the time when the instruction to record it was given. In such case it was of no effect to mark the instrument filed as of the day on which it was handed to the recorder. In order that a mortgage may become a lien on personal property against strangers without being filed for record, as provided for in Kirby's Digest, § 5407, the words, "This instrument is to be filed but not recorded," or words of a similar import, must be indorsed upon it, and signed by the mortgagee, his agent or attorney; and it must then be filed with the recorder. Instructions given to his agent, but not delivered to the recorder, were of no avail, as the recorder could only be governed by the instructions he received. That case rules this and shows that appellant's mortgage was not good, eith-

er as a mortgage "for record" or a "filed mortgage," before the 25th of November, 1905, when the mortgage was duly placed of record. But in the meantime, April 22, 1905, the appellee had filed with the recorder his mortgage duly indorsed: "This instrument is to be filed but not recorded," sugned by appellee, and had thus preserved, from that time, whatever lien the mortgage gave him.

Appellee has cited numerous authorities to show "that it is within the power of one member of a partnership, acting in good faith, to make a valid chattel mortgage of all the partnership property to secure partnership indebtedness." *Settle* v. *Hargadine,* 66 Fed. Rep. 850. This is not questioned by appellant, and is well established by the authorities. See cases cited in appellee's brief.

The negligence through which appellant lost its lien was entirely traceable to appellant or its agent, the county clerk, and not to the recorder. The recorder could have refused to record the instrument sent him by appellant, even if appellant's letter to the county clerk with instructions to file for record had been delivered to the recorder, for there were no fees for record tendered with the instructions. Kirby's Digest, § 3499.

Appellant with due diligence of inquiry should have received the mortgage back within a short time with a certificate from the recorder showing when and where the mortgage had been recorded. Kirby's Digest, § 6844. But a court of equity has nothing to do with the questions of diligence or negligence and the balancing of equities where one party has, and the other has not, complied with the plain requirements of the registry laws for the preservation of liens. It is unnecessary to pass upon the various other questions presented.

The decree is affirmed.

RIDDICK and MCCULLOCH, JJ., not participating.