## FOSTER *v.* LUCK.

### Opinion delivered March 16, 1914.

1. CHATTEL MORTGAGE—FORECLOSURE—FILING, BUT NOT RECORDING.—A chattel mortgage which bears the notation, "Filed, but not recorded," complies sufficiently with the statute to create a lien which may be foreclosed. (Page 123.)

2. APPEAL—FAILURE TO ABSTRACT.—When counsel fails to file an abstract sufficient to give the court a full understanding of the questions presented, the judgment will be affirmed on appeal. (Page 124.)

3. APPEAL—FAILURE TO ABSTRACT PROPERLY—REFERENCES TO TRANSCRIPT. —Statements in an abstract not accompanied by citations to the correct page of the transcript supporting them, will, on appeal, be treated as mere conclusions of counsel, and will not be relied upon by the court. (Page 125.)

Appeal from Columbia Chancery Court; *James M. Barker,* Chancellor; affirmed.

#### STATEMENT BY THE COURT.

Appellant Foster, as the beneficiary, and J. H. Franklin, as trustee, instituted suit in the Columbia Chancery Court, September 16, 1911, against the appellees to foreclose certain deeds of trust that were exe-

cuted by one Eugene Burris to secure certain notes, one deed of trust and the note it was executed to secure being dated March 9, 1906, and the other dated 1st day of February, 1908. The note of March 9, 1906, was for $590.72, with interest at 10 per cent from maturity until paid. The note of date February 1, 1908, was for $345, with interest at the rate of 10 per cent from date until paid.

The complaint alleged that the deed of trust given to secure the note for $590.72, of date March 9, 1906, embraced certain lands (which are described in the complaint) and one roan mare mule eight years old, and that the deed of trust given to secure the note for $345, of date February 1, 1908, embraced a certain tract of land (which is described in the complaint). The complaint alleged that the deed of trust of March 9, 1906, was recorded March 10, 1906, and that the deed of trust of February 1, 1908, was recorded on that day.

It is not alleged in the complaint that the deed of trust executed March 9, 1906, was given to secure any items of open account that might be due from Burris to Foster. Nor is it anywhere alleged that any items of open account were included and secured by the deed of trust of February 1, 1908. The allegation of the complaint is that the plaintiff "furnished under the last named mortgage, in addition to the note secured by the mortgage, $203.57 for the year 1908, which was paid;" and the further allegation that "on February 10, 1909, Burris and the plaintiff Foster had an adjustment of their account, the amount due on the first real estate mortgage note and the amounts furnished under same, and the amount due on the second real estate mortgage note and the amounts furnished under the same, and that on that day there was due from Burris to Foster $1,869.22."

It was further alleged that there was due September 15, 1911, under the first mortgage debt $1,617.55, and on the last mortgage debt on said date $734.50, and on account of 1910, $165. There is an allegation that "the

complainants have a lien on the real estate and the roan mare mule described in deed of trust dated March 9, 1906, for the sum of $1,617.55, and that they have a lien on the real estate described in deed of trust dated February 1, 1908, for $899.50, and they ask a decree of foreclosure of the property described in the respective deeds of trust to pay the respective debts secured by the same.''

Appellee Luck, according to the abstract of the pleadings, admitted the execution of the note for $590 of March 9, 1906, and the deed of trust to secure the same, but alleged that the debt that the deed of trust was given to secure was usurious. He did not deny that there were accounts for the years 1906 and 1907, which were covered by notes evidencing the amount thereof. He denied, however, that there was an adjustment of account on the 1st of February, 1908. He admitted that Burris executed a note to Foster for $1,244.10, but pleaded that the note was void for usury, and that Burris executed a new deed of trust on personal property which was in full satisfaction of the deed of trust executed on the 9th of March, 1906. He admitted the execution of the note on the 1st of February, 1908, for $345, and the deed of trust to secure the same on the tract of land described in the complaint as embraced in that deed of trust, but denied that Burris owed the amount alleged to be due under that deed of trust; and denied that Burris, on the 1st day of February, 1909, owed $1,869.22; but admitted that Burris had executed his note for that amount and deed of trust on personal property to secure the same, but he set up that the amount was usurious and void, and that the note and personal security was in satisfaction of all prior indebtedness. He further set up that on the 5th day of February, 1910, Burris executed a note for $690 secured by a deed of trust on personal property, which was in full satisfaction of prior indebtedness and liens, and set up that said note and deed of trust were void for usury. He set up affirmatively that on the 24th of January, 1910, Burris was owing him $800, which was secured by a deed of trust on the same

lands covered by Foster's two real estate deeds of trust, and that on the 18th day of March, 1911, Burris was due him the sum of $1,500, which was also covered by a deed of trust on the same land embraced in Foster's deeds of trust.

The answer of appellee Couch, as abstracted, admitted the execution of the note of March 9, 1906, and the deed of trust to secure the same, and averred that subsequent notes and deeds of trust were executed and delivered by Burris to Foster in full satisfaction of the first deed of trust, and alleged that he had a deed of trust given to secure the sum of $50; that he had a deed of trust executed to appellee Couch, January 20, 1906, to secure him in the sum of $50, and that this deed of trust was prior to Foster's and included the roan mare mule which was also included in Foster's deed of trust of March 9, 1906. He set up affirmatively that there was due him under deed of trust executed by Burris for 1907 and 1908, and that at the time of the filing of his answer and cross-complaint Burris was due appellee Couch the sum of $511.09. He set up that his deed of trust included the roan mare mule covered by Foster's deed of trust, and that his lien was prior in time to that of Foster. He made his answer a cross-complaint and prayed that he have judgment and that the property be sold to satisfy the same.

The appellant, in answer to the cross-complaint, set up payment and the statute of limitations.

There is a statement in the abstract to the effect that Foster's note for $590, dated March 9, 1906, and all other indebtedness due before foreclosure is secured by deed of trust of even date with note on real estate (which is described), and that the note for $345 of date February 1, 1908, and all other indebtedness due before foreclosure is secured by deed of trust on land (which is described). It is also stated that Luck's deeds of trust and Foster's deeds of trust cover the same real estate and that Couch's deed of trust covers the roan mare mule. The Couch deed of trust was endorsed, "Filed but not recorded."

Signed, "C. M. Fomby, Agent," and filed January 23, 1906.

The court found that there was due Foster on the note of March 9, 1906, with accrued interest, the sum of $877.87, and that the deed of trust upon the land described therein, executed to secure this note, was prior to that of Luck's deed of trust on the same land. The court made no finding as to the account of 1906, and rendered no decree for the same, which was tantamount to finding that there was nothing due on that account. The court found that Eugene Burris was indebted to Couch in the sum of $309, and that Couch, by virtue of his deed of trust of January 20, 1906, had a lien prior and paramount to that of Foster, or of appellee Luck, on the roan mare mule, and rendered a decree in favor of Couch against Foster, who was in possession of the mule, for the mule or its value in the sum of $75.

The appellant Foster seeks to reverse the decree in favor of appellee Couch for the roan mare mule and also seeks to reverse the finding and decree of the court denying him a judgment on the account of 1906, and also so much of the finding and decree as only allowed him the sum of $114.58 on the note of February 1, 1908, claiming that the account for that year was the sum of $203.57, which, with the amount of the note and accrued interest, made a total of $889.50, for which a lien should have been declared upon the lands described in the deed of trust executed on February 1, 1908.

*Stevens & Stevens,* for appellants.

*C. W. McKay,* for appellee Luck.

In a case like this, where the only question to be determined is whether or not the evidence was sufficient to sustain the decree, there must be an abstract or abridgement of all the testimony heard by the chancellor, and where rule 9 is not complied with in this respect, the decree should be affirmed. 102 Ark. 96; 99 Ark. 242.

*Kelso & Pope,* for appellee Couch.

1. Appellant's abstract of the testimony is a mere flimsy outline, and in no sense a compliance with rule 9.

2. A direction on the back of a chattel mortgage "to file and not record," is a sufficient compliance with the statute. 60 Ark. 112; 40 Ark. 431; Kirby's Dig., § 5407.

WOOD, J., (after stating the facts). Appellees insist that the appellants' abstract does not comply with rule 9, and move to affirm the judgments because of noncompliance with that rule.

We have been able to gather from appellants' abstract, when aided by the abstract and statement in the briefs for the appellees, sufficient to give us a full understanding of the questions presented for decision so far as the decree in favor of the appellee Couch is concerned.

The abstract of the pleadings and of the evidence shows that Couch claimed the roan mule in controversy under a deed of trust executed January 20, 1906, and endorsed, "Filed but not recorded," and "Filed January 23, 1906."

From the testimony of Couch, as abstracted, it appears that the debt of 1906, which the mortgage on the roan mule was given to secure, was not paid, and it appears from the statement of the counsel for appellee Couch that this debt was evidenced by a promissory note. There is no showing in the record that the debt was not evidenced by a promissory note; there is no showing in the record that it was barred by the statute of limitations at the time of the death of Burris.

The finding of the court that this debt of Burris to Couch was not paid and that it was a valid and subsisting lien and paramount to the lien of Foster is not clearly against the weight of the evidence. The burden to prove payment was on appellant Foster, and he has not done so. The endorsement, "filed but not recorded," was sufficient to meet the requirements of the statute. See *Smith* v. *State,* 40 Ark. 431; *Price* v. *Skillern,* 60 Ark.

112; *First Nat. Bank* v. *Bedingfield,* 83 Ark. 109-116; Kirby's Dig., § 5407.

The abstract, so far as the decree in favor of appellee Luck is concerned, is not sufficient to give the court a full understanding of all the questions presented. It could not be determined whether the court erred in its findings and decree in the absence of the specific terms and conditions in the deeds of trust upon which Foster relies to show error in the court's finding, being set forth. As it was purely a question of fact as to whether these accounts had been paid, the substance of all the evidence bearing upon that subject should have been abstracted. While there is a statement in the abstract of appellant to the effect that Foster's note for $590.72 and also for $345, and all other indetedness due before foreclosure are secured by the deeds of trust of even date with note on real estate as follows (describing the real estate), this is a mere conclusion of counsel. No correct page of the transcript is given showing where the deeds of trust are found containing the alleged provision and the court can not rely upon the conclusion of counsel ''that all other indebtedness due before foreclosure is secured by the deed of trust,'' when such provision from the deed of trust itself is not set forth and no correct citations made to the record where such provision may be found. The court will not explore the record to ascertain whether the indebtedness due on the respective accounts was included in the deeds of trust of March 9, 1906, and February 1, 1908, and the testimony is not abstracted sufficiently to show that if such debts existed that they were not paid. See *Jett* v. *Crittenden,* 89 Ark. 349, and cases cited; *Springfield* v. *Steen,* 99 Ark. 242; *Queen of Ark. Ins. Co.* v. *Royal,* 102 Ark. 96. Therefore, the record, as abstracted, does not show that the finding and judgment of the court as to the account alleged to be due appellant Foster for the year 1906 is erroneous. In the absence of an affirmative showing in the record of error in the judgment the same must be and is affirmed.