## NIX v. WATTS.

### Opinion delivered December 13, 1915.

CHATTEL MORTGAGES—FILING AND RECORDING—SUFFICIENCY.—The mortgagee in a chattel mortgage handed the same to the recorder, giving him verbal directions to file but not to record the instrument. *Held*, there being no endorsement on the instrument to the effect that it was to be filed, but not recorded, as required by Kirby's Digest, § 5407, that the mortgage never became a lien as against strangers.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks*, Judge; affirmed.

#### STATEMENT BY THE COURT.

This appeal represents three separate suits which were consolidated and tried together. All of the actions arose from the same transaction. In November, 1909, H. S. Dees leased the Dickey farm of 417 acres from Mrs. Hughes for a term of five years, beginning January 1, 1910, for an annual rental of $2,600. Dees sublet all but about ten acres to J. M. Gross for the year 1910. Dees executed a chattel mortgage to J. A. Watts on his part of the rents from the crops grown on the Dickey place for the year 1910. This mortgage was filed on the 1st day of November, 1910. H. S. Dees also executed a mortgage in favor of J. M. Nix on all his right, title and interest in 417 acres of cotton and ............ acres of corn, which he was to cultivate and produce during the year 1910 on the Dickey farm in Pulaski County, Arkansas. On the 1st day of April, 1910, Nix carried this mortgage to the recorder and gave him verbal direction to file, but not to record it, paying him his fee of 25 cents therefor. The mortgage was not recorded and was not intended to be recorded.

In the spring of 1910, J. M. Gross executed a chattel mortgage on the crop to be raised by him on the Dickey place to the Keo Mercantile Company for supplies to be furnished him in raising and gathering his crop. This mortgage was duly filed for record. In October, 1910, the Keo Mercantile Company transferred its account, together with the mortgage to secure the same, to J. A. Watts. On the 6th day of October, 1910, J. M. Gross, with

the consent of H. S. Dees, sold his crop to J. A. Watts and delivered the same to him. Watts then took possession of the crop and placed Gross in charge for the purpose of finishing gathering it, paying him therefor at the rate of $40 per month. Gross gathered about 700 bushels of corn, and Dees took charge of all of it but about 200 bushels, and converted it to his own use. Watts brought suit before a justice of the peace for this corn. Dees also sold three bales of cotton grown by Gross on the Dickie place to Nix and Watts brought suit in replevin before a justice of the peace for this cotton. Watts then filed a suit in the chancery court seeking a foreclosure of the landlord's lien and chattel mortgage on certain cotton and corn grown by Gross on the aforesaid Dickey farm.

The complaint showed that the property which was the subject-matter of the chancery suit had been sold by Dees to Nix, and for this reason the case was transferred to the circuit court. In the meantime, the two replevin suits had been appealed from the justice court, and were then pending in the circuit court. They were consolidated for trial with the case which had been transferred from the chancery court. The jury returned a verdict in favor of Watts against the defendant Nix in the sum of $219.14, and the accrued interest on account of the three bales of cotton. It also returned a separate verdict in favor of Watts against the defendant for the value of the corn in the sum of $120 with the accrued interest. It also returned a separate verdict in favor of Watts against the defendant Nix on account of the seven bales of cotton in the sum of $510 and interest.

From the judgment rendered, the defendant Nix has duly prosecuted an appeal to this court.

*Pace, Seawell & Davis* and *S. M. Wassell,* for appellant.

An unfiled or unrecorded chattel mortgage is good between the mortgagor and mortgagee, but, in the absence of possession of the property, it must be either filed or recorded.

The most that can be said of the vigilance of the appellee is that he presented his mortgage to the clerk. If

he had gone further and directed the clerk to file, but not record it, still that would not have been sufficient. Kirby's Digest, § 5407; 52 Ark. 164; 83 Ark. 109.

If the mortgagee takes possession of the property before any other lien or right attaches, his title under the mortgage is good against every one, if it was previously valid between the parties, although it be not acknowledged or recorded. 97 Ark. 57. But in this case, there was no possession taken by the first mortgagee.

The court's instruction to the jury not to consider the mortgage made by Dees to Nix was prejudicial to the rights of Nix. The court ought to have instructed them, as requested by appellant, in effect that if the mortgage of Dees to Nix, although given subsequently, was offered for filing with the recorder previously to the time the mortgage from Dees to Watts was offered, this gave priority to the Nix mortgage. *Supra;* Black on Judicial Precedents, 247, and cases cited. See, also, 6 R. C. L. 409; 9 Ark. 112; 47 Am. Dec. 732, and note.

*Miles & Wade,* for appellee.

1. All the interest of Dees passed to appellee under the contract of December, 1909, and under the general endorsement and delivery to him of the rent notes. 5 R. C. L. 453, § 89; 41 Ark. 414. The same is true of a mortgage made by a mortgagor after the execution by him of any other similar contract that determines that the mortgagor has no longer an interest in the crop, and true whether the contract is recorded or not. 34 Ark. 687; 32 Ark. 436.

By his mortgage given in April, 1910, Dees could convey to Nix only what interest he then had in the crop. He could not by that mortgage convey to Nix what he had already conveyed to appellee. 6 Cyc. 1049.

2. Appellant has no title under his mortgage. Appellee's mortgage from Dees was on the *lease,* and covered all the *rents* to be due Dees from all his tenants, whereas, in the mortgage to Nix, it was only the crop that *Dees* was going to plant and cultivate in 1910 that he conveyed to appellant, not the crop of Gross or any other tenant. 73 Ark. 477; 43 Me. 432; 141 Fed. 364; 52 U. S. 297.

3. Appellant's mortgage was never properly filed. It was never endorsed "To be filed, but not recorded," nor by words equivalent thereto, nor signed by the mortgagee. 37 Ark. 507; 83 Ark. 109; 52 Ark. 164.

HART, J., (after stating the facts). The court instructed the jury that it should not consider the mortgage made by Dees to Nix in arriving at its verdict, and counsel for the defendant Nix urge that the court erred in so instructing the jury. We do not agree with them. It will be remembered that the mortgage given by Dees to Nix was handed to the clerk by Nix with the verbal instruction to file, but not to record it, the filing fee being paid.

Section 5407 of Kirby's Digest, provides that whenever any mortgage of personal property shall be filed with the recorder upon which is endorsed the following words, "This instrument is to be filed, but not recorded," and the endorsement signed by the mortgagee, his agent or attorney, the instrument shall be a lien upon the property described in it from the time of filing. The effect of our decisions upon this statute is to make any endorsement on the mortgage of the import required by the statute sufficient. *State* v. *Smith,* 40 Ark. 431; *Price* v. *Skillern,* 60 Ark. 112.

The mortgage in question did not contain the endorsement required by the statute nor words equivalent thereto. The mortgagee handed the mortgage to the recorder, and gave him verbal directions to file, but not record it. This was not a compliance with the statute, and the mortgage never became a lien on the crops against strangers. *Dedman* v. *Earle,* 52 Ark. 164.

Thus it will be seen that the statute not having been complied with by Nix, he did not have a lien on the crop raised by Gross which was prior to the rights of third persons. So, if it be conceded that the mortgage given by Dees to Nix covered the crop raised by Gross, the subtenant of Dees, the mortgage would only be good between Dees and Nix for the reason that in its registration, Nix did not comply with the statute as above indicated. Gross leased from Dees all the land on the Dickey place except

about ten acres. He gave a mortgage upon all of the crop to be raised by him during the year 1910 to the Keo Mercantile Company for supplies furnished and to be furnished him in making his crop. The Keo Mercantile Company transferred its account, together with the mortgage, to secure the same, to Watts in October, 1910. During the same month, Gross sold all the crop raised by himself on the Dickey farm to Watts and executed a bill of sale to Watts therefor, and under this bill of sale and under the mortgage executed by Gross to the Keo Mercantile Company, Watts acquired title to the crop which, for the reasons above given, was superior to the lien of Dees.

Nix derived his title to the three bales involved in the replevin suit by an alleged purchase from Dees under his mortgage. For the reasons above given, the title of Watts was superior to the lien of Nix, and the court correctly told the jury that it should not consider the mortgage made by Dees to Nix in arriving at its verdict.

It is next insisted by counsel for the defendant Nix that there is not sufficient evidence to support the verdict of the jury on account of the corn. It is true Nix denied that he got any of the corn raised by Gross; but Watts testified that he heard Nix say that he had the corn which was the subject-matter of this litigation, and that he was not going to turn it over to Watts, and he stated that Nix testified to this fact in the trial in the justice of the peace court. This testimony was sufficient to warrant the jury in finding for the plaintiff Watts on account of the corn.

It is also insisted by counsel for the defendant Nix, that there is not sufficient evidence to support the finding of the jury against him on account of the seven bales of cotton. According to the testimony of Nix, he did not receive this cotton, but we are of the opinion that the testimony of Watts warranted the verdict of the jury. Watts testified that Dees turned over three bales of cotton to Nix, that Nix sold the cotton to Bird, and that he then instituted suit against both Bird and Nix to recover these three bales of cotton. He also testified that during the trial of that case before the justice of the peace, Mr. Dees testified that he had delivered

seven other bales of cotton to Mr. Nix, and that he gave the weight and prices of these seven bales, and that Watts asked Nix if the amounts were correct, and Nix replied that they were.

We have carefully examined the record, and find no prejudicial error in it; therefore, the judgment will be affirmed.