THE CONTINENTAL SUPPLY COMPANY *v.* THOMAS.

Opinion delivered July 2, 1917.

1. CHATTEL MORTGAGES—SUBSTANTIAL COMPLIANCE WITH THE STATUTE.—A substantial compliance with the statute is all that is required in order to create a lien good as against strangers, on the personal property described in a chattel mortgage.

2. CHATTEL MORTGAGES—VALIDITY.—In order to create and maintain a lien good as against strangers, a chattel mortgage must either be filed with the clerk for record or must be an endorsement signed by the mortgagee, his agent or attorney, of the import as required by the statute; and unless the instrument bears such an endorsement in substance, signed by the mortgagee, no lien can exist on the chattels described in the mortgage as against the rights or liens of strangers.

Appeal from Sevier Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*Abe Collins,* for appellant.

1. A substantial compliance with Kirby's Digest, section 5407, is sufficient. 40 Ark. 431; 60 *Id.* 112; 28 *Id.* 244; 5 R. C. L. 410, 24 U. S. (Law ed.) 544; 88 Tex. 26; 33 L. R. A. 163; 16 L. R. A. (N. S.) 703.

2. The letter to the clerk, with the mortgage, was a substantial compliance with the statute. 1 Fed. Cas. 112, 114; 7 Words & Phrases, 6742; 43 Ark. 144; 5 R. C. L. 409, § 35; 30 N. J. L. 259; 83 Ill. App. 267; 106 Col. 208; 84 Ind. 248; 39 Barb. (N. Y.) 42; 11 Minn. 331; 60 Vt. 595; 15 Atl. 188.

3. Failure of the clerk to perform his duty could not prejudice appellant's rights. 28 Ark. 244.

*E. K. Edwards* and *B. E. Isbell,* for appellees.

There was not even a substantial compliance with the statute. The letter was no part of the mortgage, there was no *endorsement* on the mortgage at all. The letter

was not even attached to nor pasted on it. The endorsement can not be on a separate piece of paper; the direction must be "endorsed" on the instrument. Kirby's Dig., § 5407; 71 Ark. 322; 69 *Id.* 593; 37 *Id.* 507; 52 *Id.* 164; 83 *Id.* 109; 121 *Id.* 346; 64 *Id.* 369. The statute is mandatory.

HUMPHREYS, J. Appellant instituted suit against appellees in replevin on the 14th day of December, 1916, in the circuit court of Sevier County to recover the possession of a lot of personal property covered by a certain mortgage executed by the Oil Well Drilling Company to it to secure two promissory notes for the sum of $1,030.96 each, due in sixty and ninety days after date, bearing interest at the rate of 8 per cent. per annum from date until paid.

Appellant had foreclosed its mortgage and purchased the property under the foreclosure sale. On the 16th day of May, 1916, the chattel mortgage in question had been mailed to the circuit clerk of Sevier County, Arkansas, in the same envelope with the following letter:

"Shreveport, La., May 16, 1916.
"Circuit Clerk, Sevier County, De Queen, Ark.:

"Sir: We are enclosing herewith chattel mortgage executed May 11, by the Oil Well Drilling Company, to the Continental Supply Company, amounting to $2,161.92 with notes payable in sixty and ninety days at 8 per cent. covering a drilling rig which the Oil Well Drilling Company are shipping to Lockesburg in your county.

"We are also enclosing herewith 25 cents in postage as we understand this to be the fee charged for the filing of this record, and we will thank you for your prompt attention in this matter.

"Yours truly,
"The Continental Supply Company,
"John T. Harrington,
"Local Manager."

Appellees had possession and claimed title to said property, as attaching and judgment creditors of the Oil Well Drilling Company.

The cause was tried upon the pleadings, exhibits thereto and an agreed statement of facts before the court sitting as a jury. From the finding and judgment of the court adverse to appellant, an appeal has been prosecuted to this court.

The only error assigned by appellant for a reversal of the judgment is the declaration of law made by the trial court to the effect that the letter enclosing the mortgage to the clerk was not a sufficient endorsement by the mortgagee to meet the requisites of section 5407 of Kirby's Digest in order to preserve a lien against strangers upon the property described in the mortgage. Section 5407 of Kirby's Digest, is as follows:

"Whenever any mortgage or conveyance intended to operate as a mortgage of personal property, or any deed of trust upon personal property, shall be filed with any recorder in this State, upon which is endorsed the following words, 'This instrument is to be filed, but not recorded,' and which endorsement is signed by the mortgagee, his agent or attorney, the said instrument when so received shall be marked 'filed' by the recorder, with the time of the filing upon the back of said instrument; and he shall file the same in his office, and it shall be a lien upon the property therein described from the time of filing, and the same shall be kept there for the inspection of all persons interested; and such instrument shall thenceforth be notice to all the world of the contents thereof without further record."

(1) This court has held that a substantial compliance with the statute is all that is required in order to create a lien good as against strangers, on the personal property described in a chattel mortgage. *State of Arkansas* v. *Smith,* 40 Ark. 431; *Price* v. *Skillern,* 60 Ark. 112.

The agreed statement of facts discloses that the mortgagee did not actually endorse the following words, in substance or in part, on the mortgage: "This instrument is to be filed, but not recorded," and sign same. It is contended that the direction in the letter signed by the mortgagee enclosed with the mortgage in the envelope directed

to the clerk, constituted an endorsement of the required words in substance upon the instrument, and a signing of same by the mortgagee.

There is no warrant in the statute for endorsing the words or their substance upon a separate piece of paper. The letter was no part of the instrument. The statute requires the endorsement to be upon the instrument. If the letter had been pasted on, or securely fastened to the mortgage, it might then be argued with some semblance of reason that the endorsement was on the instrument. *Carrier* v. *Comstock,* 108 Ark. 515. To hold, however, that the substance of the words written upon a separate sheet of paper and signed by the mortgagee is tantamount to an endorsement on the instrument itself, would amount to an arbitrary ruling, or a ruling unsupported by reason.

(2)    In order to create and maintain a lien good as against strangers, a chattel mortgage must either be filed with the clerk for record or must bear an endorsement signed by the mortgagee, his agent or attorney, of import required by the statute. Unless the instrument bears such an endorsement in substance, signed by the mortgagee, no lien can exist on the chattels described in the mortgage as against the rights or liens of strangers. *Bowen, Trustee,* v. *Fassett,* 37 Ark. 507; *Case & Co.* v. *Hargadine,* 43 Ark. 144; *Dedman* v. *Earle,* 52 Ark. 164; *First National Bank* v. *Bedingfield,* 83 Ark. 109; *Nix* v. *Watts,* 121 Ark. 346.

Under this construction of the statute, the title to the property constituting the subject-matter of this litigation is in appellees.

The judgment is, therefore, affirmed.