GASCONADE DEVELOPMENT COMPANY v. McILROY BANK & TRUST COMPANY.

4-4890

Opinion delivered January 17, 1938.

O. E. & Earl N. Williams, for appellant.

Clifton Wade, for appellee.

SMITH, J. Appellant says that the sole question to be decided on this appeal is whether a certain mortgage, executed to the H. Ehrlich & Sons Manufacturing Company, and by the latter assigned to it, was sufficiently indorsed, when filed with the recorder of deeds, to constitute it a lien against a third party upon the property therein described, under the provisions of § 9438 of Pope's Digest.

The outside page or wrapper on the mortgage contained the following written and printed matter:

"To be Filed and not Recorded    (printed)

Baker & Horton            (in pencil)

To
H. Ehrlich & Sons Manufacturing Co.
(printed)
St. Joseph, Missouri

To be Filed and not Recorded in
the Recorder's Office    ·(printed)
State of Arkansas, County of Washington—

I, Henry B. Walker, recorder of deeds of said county, do hereby certify that the within instrument of writing was, at 8 o'clock and 30 minutes a. m., on the 6th day of August, A. D. 1936, duly filed ........................................ in this office.

Henry B. Walker,
Recorder.

............................................................................ Deputy.''

Section 9438 of Pope's Digest prescribes the conditions upon which a mortgage or conveyance of personal property intended to operate as a mortgage may be filed with any recorder in this state so as to become a lien upon the property therein described without being recorded. This is done by indorsing upon the instrument the words, ''This instrument is to be filed, but not recorded.''

This is a right of statutory creation, and a substantial compliance with the provisions of the statute are sufficient to its establishment.

A number of cases have declared that a substantial compliance is essential and sufficient to confer upon the mortgagee the benefit of the statute. The cases of *Lesser-Goldman Cotton Co.* v. *Hembree,* 163 Ark. 88, 259 S. W. 5, and *Leach* v. *Bald Knob State Bank,* 163 Ark. 91, 259 S. W. 3, define what is a substantial compliance.

In the first-mentioned case it was held that where a chattel mortgage had a printed indorsement, ''This instrument to be filed, but not recorded,'' followed by the mortgagee's name, likewise printed, there was a sufficient compliance with the statute as to make the mortgage so filed constructive notice to third parties.

The ·Leach case, *supra,* which cites prior cases on the subject, is to the same effect, and quotes from *Continental Supply Co.* v. *Thomas,* 130 Ark. 287, 197 S. W. 683, the statement that ''This court has held that a substantial compliance with the statute is all that is required in

order to create a lien good as against strangers on the personal property described in a chattel mortgage.''

But in the Leach case, *supra,* it was also said that ''Our statutes, *supra,* require the name of the mortgagee to be signed to the words, 'This instrument is to be filed, but not recorded,' indorsed on the back of the instrument, and whenever the name appears at that place, whether it be written or printed, it is sufficient; and where the mortgagee is a corporation, as it was in the case in hand, it is a sufficient signature, under the statute, where the name of the corporation is printed, following the indorsement, where the signature of the corporation must appear.''

It appears, therefore, that there must be some indorsement upon the instrument by the mortgagee, either written or printed, intended as the signature of the mortgagee following the notation that the instrument is to be filed, but not recorded, indicating that direction and intention on the part of the mortgagee. Here, there is no signature, either written or printed, following the notation that the instrument is to be filed, but not recorded. This may have been, and, no doubt, was, the intention of the mortgagee; but the preservation of the lien as against third parties is a matter of statutory creation, and the statute must be substantially complied with before its benefits can be asserted. The statute, as construed in the Leach case, *supra,* not only requires that the indorsement as to filing appear upon the instrument, but also that the indorsement be properly authenticated, by the signature of the mortgagee, which may be either written or printed.

The recent case of *Reitz* v. *Nowlin, ante* p. 16, 110 S. W. 2d 690, passed upon this question, and the opinion sets out the mortgage which was there held to have been filed in substantial compliance with the statute, that decision having been made by a divided court.

It will be observed, from the opinion in that case, that following the names of the mortgagor and the mortgagee the name of the mortgagee was written a second time, and that a dotted line was drawn from the second

signature to the line under the indorsement that "This instrument is to be filed, but not recorded," and the majority concluded that this was a sufficient indication that the second signature was intended to follow the direction as to filing and to authorize that action. Here, the name of the mortgagee appears only once, and that appearance is in the caption of the mortgage, showing who the parties to it were, and we conclude, therefore, that the court below was correct in holding that the mortgage had not been properly signed to comply with the statute, and thereby constitute it a lien as against a third party.

The decree is, therefore, affirmed.